```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

-------------------------------x
MAR JENNINGS,                  :
                               :
          Plaintiff,           :
                               :
v.                             :    Civil No. 3:25-cv-906(AWT)
                               :
CITIBANK, N.A.,                :
                               :
                               :
          Defendant.           :
-------------------------------x
```

**RULING OM MOTION TO DISMISS**

Defendant Citibank, N.A. has moved to dismiss Counts Three, Four, and Five of plaintiff Mar Jennings's amended complaint. For the reasons set forth below, the defendant's motion to dismiss is being granted in part and denied in part, as set forth below.

**I.   BACKGROUND**

The amended complaint alleges that plaintiff Mar Jennings "is a customer of defendant Citibank[,] N.A. and has owned a checking account with it since 1994." Complaint ¶ 10. "At all relevant times, [the] plaintiff . . . has owned 3 checking accounts with [the] [d]efendant . . . ." Id. ¶ 11. The plaintiff alleges that the defendant "declined many properly payable debit card transactions [the] plaintiff . . . presented to it[.]" Id. ¶ 12. The plaintiff also alleges that "[a]t all relevant times, plaintiff Mar Jennings's checking accounts at defendant

-1-

Citibank[,] N.A. contained funds sufficient to honor all debit card transactions plaintiff Mar Jennings made; Defendant Citibank, N.A. honoring plaintiff Mar Jennings's debit card transactions would not have created an overdraft in any of his accounts." Id. ¶ 13.

The plaintiff alleges, with respect to his business activities, that he "has a reputation as an Emmy®-nominated, nationally syndicated television show host, award-winning Realtor, entrepreneur, philanthropist, and influencer." Amended Complaint (ECF No. 14) ¶ 15. He also alleges that his "brand reaches approximately one million consumers each month through various media platforms." Id. ¶ 16. In addition, he alleges that his "global presences is celebrated and acknowledged as a trustworthy and progressive consumer brand" and that he has "had clients and business associates present during the aforementioned debit card declinations." Id. ¶ 17-18.

There are five counts in the amended complaint. The First Count is a claim for breach of contract. The Second Count is a claim for statutory damages pursuant to 15 U.S.C. 1693(m) for failure to electronically transfer funds in violation of 15 U.S.C. 1693(h)(a)(1). The Third Count is a common law claim for negligence. The Fourth Count is a common law claim for recklessness. The Fifth Count is a claim for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. §

42-110a et seq. ("CUTPA").

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015) ("[T]he court must assume the factual allegations in the complaint to be true, 'even if [they are] doubtful in fact'. . . ." (citation omitted)). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citing Papasan v. Allain, 478 U.S. 265, 286 (1986))).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

-3-

the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal quotation marks omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 547. "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

### III. DISCUSSION

#### A. Third Count: Negligence

The defendant argues that the Third Count is barred by the

economic loss rule and must be dismissed. Paragraph 14 of the Third Count reads as follows:

> Defendant Citibank[,] N.A. owed a duty of care to handle plaintiff Mar Jennings's debit card transactions properly and in accordance with applicable banking standards, evidenced by:
>
>     a. Connecticut General Statute § 42a-4-402(a)'s duty bestowed on financial institutions to honor properly payable transactions;
>
>     b. 15 USC § 1693h(a)(1)'s duty bestowed on financial institutions to make electronic fund transfers in a timely manner when properly instructed to by the customer;
>
>     c. A reasonable layperson's expectation that his bank will allow him access to his funds via his bank-issued debit card;
>
>     d. The duty of a commercial bank, as a debtor to the depositor, which has a duty to honor the depositor's instructions that money be applied to a particular purpose/transaction; and
>
>     e. Defendant Citibank, [N.A.] representations to its customers and potential customers that the "Citibank® Debit Card is contactless for added convenience and chip-enabled for extra security-just tap your card and enjoy quick and easy shopping."

"[T]he economic loss doctrine bars negligence claims that arise out of and are dependent on breach of contract claims that result only in economic loss." Ulbrich v. Groth, 310 Conn. 375, 410 (2013). It bars tort claims if "the defendants' duty to the plaintiffs arose exclusively out of the contractual relationship. If no contractual duty were found, the tort claims could not survive." Id. at 405 n.28. The doctrine is driven by

the premise that it "holds the aggrieved party to the bargain it struck in its contract by preventing it from bringing a tort action for what is really the breach of a contractual duty." Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 165 (D. Conn. 2010). It therefore aims to "protect[] the parties' expectancy interests and encourages them to build cost considerations into their contracts in the first place." Id.

The plaintiff contends that "the Economic Loss Doctrine is inapplicable to Plaintiff's Third and Fourth Counts because each is premised on common law duties outside the corners of the contract between Plaintiff and Defendant." Plaintiff's Objection to Defendant's Motion to Dismiss at 6 ("Pl. Obj."). However, that is not entirely correct.

The elements of a negligence cause of action "are well established: duty; breach of that duty; causation; and actual injury." McDermott v. State, 316 Conn. 601, 609 (2015) (internal quotation marks omitted). In a typical negligence action, the existence of a duty is determined by considering "whether the specific harm alleged by the plaintiff was foreseeable to the defendant," or, in other words, "whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result." Ruiz v. Victory Props., LLC, 315 Conn. 320, 328 (2015).

However, a claim for negligence per se is different. "Negligence per se effectively engrafts a particular statutory standard onto the standard of care imposed by the duty element of a negligence cause of action." Modise v. CareOne Health Servs., LLC, 658 F. Supp. 3d 44, 51 (D. Conn. 2023) (citing Gore v. People's Sav. Bank, 235 Conn. 360, 376 (1995)). "In other words, the jury needs only to 'decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law.'" Id. (quoting Gore, 235 Conn. at 376).

Paragraphs 14(a), (c), (d), and (e) are based on a common law duty and those duties do not arise independently of the contractual relationship between the plaintiff and the defendant. However, paragraph 14(b) is based on violation of a statute, i.e., 15 U.S.C. 1693(h)(a)(1), and the defendant's duty to the plaintiff under that statute exists independently of the contractual relationship between the plaintiff and the defendant.

Therefore, the negligence claim in the Third Count is barred by the economic loss rule to the extent it is based on paragraphs 14(a), (c), (d), and (e), but it is not barred by the economic loss rule to the extent it is based on paragraph 14(b).

**B. Fourth Count: Recklessness**

The parties' arguments about the economic loss rule address

both the Third Count and the Fourth Count, the common law claim for recklessness; the Fourth Count incorporates paragraph 14 of the Third Count. The court's analysis is the same. Therefore, the recklessness claim in Count Four is barred by the economic loss rule to the extent it is based on paragraphs 14(a), (c), (d), and (e), but it is not barred by the economic loss rule to the extent it is based on 14(b).

However, the defendant also argues that, even if the plaintiff's recklessness claim is not barred by the economic loss rule, the plaintiff fails to state a plausible claim for recklessness. Def. Mem. at 7. The defendant contends that "the factual allegations supporting Plaintiff's [Fourth] Count do not come close to meeting the heightened level of misconduct necessary to establish a colorable claim for common law recklessness." Id. at 9.

"[R]ecklessness is more than negligence, more than gross negligence." Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711, 718 (1988). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." Bishop v. Kelly, 206 Conn. 608, 614-15 (1988)

(internal quotation marks omitted). See also Matthiessen v. Vanech, 266 Conn. 822, 833 (2003) ("[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent."). Furthermore, "Connecticut courts find that an unreasonable risk of 'bodily harm' is essential in a reckless[ness] . . . claim." Dongguk Univ. v. Yale Univ., 734 F.3d 113, 132 (2d Cir. 2013) (quoting Brock v. Waldron, 127 Conn. 79, 84 (1940)).

A complaint can use the same factual allegations to simultaneously support claims of negligence and recklessness if "it utilizes language explicit enough to inform the court and opposing counsel that both negligence and reckless misconduct are being asserted." Craig v. Driscoll, 262 Conn. 312, 343 (2003). However, "'[s]imply using the word "reckless" or "recklessness" is not enough.'" Emmelmann v. Am. & Foreign Ins. Co., 2006 WL 861015, at *4 (D. Conn. Mar. 31, 2006) (quoting Dumond v. Denehy, 145 Conn. 88, 91 (1958)). "'A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.'" Id. (quoting Dumond, 145 Conn. at 91). "The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Id. (internal quotation marks omitted).

In support of the plaintiff's claim for recklessness, the amended complaint incorporates paragraphs 14 through 19 of the Third Count and further alleges:

> DEFENDANT CITIBANK[,][,] N.A. knew, or should have known, that it was continuously wrongfully declining PLAINTIFF MAR JENNINGS's debit transactions because he corresponded with them multiple times about the incidents.
>
> Despite DEFENDANT CITIBANK[,][,] N.A.['s] knowledge of such issues, it still continuously wrongfully dishonored PLAINTIFF MAR JENNINGS's debit transactions in that it:
>
>> a. Continuously violated 15 USC §1693h(a)(1) by wrongfully failing to make electronic fund transfers despite its actual notice of such a pattern of improperly denied transactions and knowing such could cause substantial reputational and financial injuries to PLAINTIFF MAR JENNINGS;
>>
>> b. Assured PLAINTIFF MAR JENNINGS verbally on the phone and in writing that the problem would not continue, thereby leading PLAINTIFF MAR JENNINGS to believe that he would no longer need to worry about getting his card declined in front of others, despite DEFENDANT CITIBANK[,][,] N.A. never fixing the issue(s) and continuing to decline PLAINTIFF MAR JENNINGS in front of others thereby exacerbating the known issue;
>>
>> c. PLAINTIFF MAR JENNINGS emailed agents of DEFENDANT CITIBANK[,] N.A. stating in part that these transaction declinations, which have "been happening for over a year [as of April 5, 2024]" with his Citibank debit card are "beyond humiliating[,]" and such declinations were/are impacting his brand, name and livelihood. PLAINTIFF MAR JENNINGS wrote an email to DEFENDANT CITIBANK[,] N.A. on April 5, 2024 stating: "When you continue to decline my card, when funds are in my bank account the impact while I'm with a client is irreversible." Despite PLAINTIFF MAR JENNINGS'S explanation of the severity of the situation to DEFENDANT CITIBANK[,] N.A. and its agent writing to PLAINTIFF MAR JENNINGS on Thursday, April 4, 2024, at approximately 4:00pm, that it is

>           coordinating "to find a permanent fix for the
>           situation[,]" no permanent fix has been achieved
>           despite over a year passing.

Am. Comp. ¶ 20-21.

Taking as true the factual allegations in the amended complaint and drawing inferences in a light most favorable to the plaintiff, the plaintiff has failed to state a claim for recklessness. While the amended complaint sufficiently alleges that the defendant's failure to rectify the improper debit card declinations was a conscious choice, a claim for recklessness requires more. "Connecticut courts find that an unreasonable risk of 'bodily harm' is essential in a reckless and wanton conduct claim." <u>Dongguk Univ</u>, 734 F.3d at 132 (quoting <u>Brock</u>, 127 Conn. at 84). In <u>Brock</u>, the court held "[o]ne is guilty of reckless misconduct when 'knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.' Restatement, 2 Torts § 500." 127 Conn. at 84.[1] Here, the plaintiff only alleges

---

[1] The court notes that the Restatement (Third) of Torts differs from the Restatement (Second) of Torts:

> Yet a risk of serious bodily injury is not a firm
> prerequisite for a finding of recklessness. Such a
> prerequisite would preclude a finding of recklessness
> whenever the actor's conduct creates a risk merely of
> property damage, of moderate personal injury, or of

economic harm, character injury, and emotional distress, not bodily harm.

Therefore, the plaintiff has failed to state a claim for recklessness, and the Fourth Count is being dismissed.

### C. Fifth Count: CUTPA

The defendants argue that the allegations in the Fifth Count are "vague and conclusory" and "lack[] any factual foundation that Citibank's actions were allegedly 'immoral, unethical, oppressive or unscrupulous' . . . ." Memorandum of Law in Support of Defendant's Motion to Dismiss Counts Three, Four, and Five of Plaintiff's Amended Complaint (ECF No. 23-1) ("Def. Mem.") at 11. The defendant also argues that the plaintiff has failed to plausibly allege that he suffered an ascertainable loss.

"CUTPA is, on its face, a remedial statute that broadly prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Cenatiempo v. Bank of Am., N.A., 333 Conn. 769, 788 (2019) (internal quotation marks omitted). "To successfully state a claim for a CUTPA violation, the plaintiffs must allege that the

---

    emotional harm. To exclude the recklessness concept from all such cases is unwarranted.

Restatement (Third) of Torts: Phys. & Emot. Harm § 2 (2010). However, it appears that Brock is still good law.

defendant's acts occurred in the conduct of trade or commerce." Id. at 789 (citation omitted). In Cenatiempo, the court explained how a plaintiff can establish that a practice is unfair:[2]

> "[W]e have adopted [certain] criteria set out in the cigarette rule by the [F]ederal [T]rade [C]ommission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some [common-law], statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three."

Id. at 790 (quoting Ulbrich v. Groth, 310 Conn. 375, 409 (2013)).

With respect to "the first criterion of the cigarette rule, we must consider whether the alleged practices offend public policy expressed in statutes, the common law, or elsewhere, that establishes a benchmark of fairness." Id. at 792 (citing Ulbrich, 310 Conn. at 409). The plaintiff alleges in paragraph

---

[2] The plaintiff asserts that "[t]he Complaint sufficiently alleges that Defendant's actions and practices were both (a) unfair and (b) deceptive." Plaintiff's Objection to Defendant's Motion to Dismiss (ECF No. 24) ("Pl. Obj.") at 10. However, nowhere in the amended complaint does it state that the defendant's alleged acts or practices were "deceptive."

34 of the amended complaint:

> DEFENDANT CITIBANK[,] N.A.'s conduct offends public policy established by statutes, common law, or established concepts of unfairness, including 15 USC §1693h and the policy of banks making depositors' funds available to them.

These alleged facts could establish the first criterion.

The defendant contends that "[e]ven assuming Citibank did improperly decline Plaintiff's debit card transactions (which Citibank specifically denies) while, perhaps, an inconvenience to Plaintiff, it is inconceivable that Citibank's conduct could, under any circumstances, be considered to be unlawful, immoral, unethical, oppressive, or unscrupulous or could, in some way, cause substantial injury to consumers." Def. Mem. at 11. The amended complaint alleges:

> DEFENDANT CITIBANK[,] N.A. is not attempting to fix this systemic issue nor cease its pattern of improperly denying PLAINTIFF MAR JENNINGS's debit transactions. . . .
>
> DEFENDANT CITIBANK[,] N.A.'s conduct was immoral, unethical, oppressive or unscrupulous because it knew how its conduct of wrongfully denying PLAINTIFF MAR JENNINGS'S debit card transactions was to his detriment, yet DEFENDANT CITIBANK[,] N.A. has consistently refused to remedy issues PLAINTIFF MAR JENNINGS is facing.

Am. Compl. ¶ 33, 35. Taking as true the factual allegations in the amended complaint and drawing inferences in a light most favorable to the plaintiff, the plaintiff has alleged facts that could establish the second criterion.

"In evaluating whether the third criterion is satisfied, [the Connecticut Supreme Court] ha[s] explained that 'not . . .

every consumer injury is legally unfair . . . .'" Cenatiempo v. Bank of Am., N.A., 333 Conn. 769, 802 (2019) (quoting McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 569 (1984)). "'To justify a finding of unfairness the injury must satisfy three tests[:] It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided.'" Id. (quoting McLaughlin Ford, Inc., 192 Conn. at 569-70).

The amended complaint alleges:

PLAINTIFF MAR JENNINGS'S losses were substantial because:

> a. The dollar figure of decreased revenue PLAINTIFF MAR JENNINGS experienced was over $10,000;
>
> b. There is no countervailing benefit that justifies DEFENDANT CITIBANK[,] N.A. continuing to decline PLAINTIFF MAR JENNINGS'S debit card transactions; and
>
> c. PLAINTIFF MAR JENNINGS could not have reasonably avoided using his debit card issued by DEFENDANT CITIBANK[,] N.A. and instead paying for all such transactions in cash.

Am. Compl. ¶ 37. Taking as true the factual allegations in the amended complaint and drawing inferences in a light most favorable to the plaintiff, the plaintiff has alleged facts that could establish the third criterion.

While all three criteria do not need to be satisfied to support a finding of unfairness, the facts alleged in the amended complaint could establish all three. Therefore, the

plaintiff has satisfied the requirement that he plausibly allege an unfair practice.

The defendant also contends that the plaintiff fails to plausibly allege that he suffered an "ascertainable loss." Def. Mem. at 13. Conn. Gen. Stat. Ann. § 42-110g(a) provides that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b may bring an action . . . to recover actual damages."

The Connecticut Supreme Court has explained the ascertainable loss requirement as follows:

> An "ascertainable loss" is a loss that is capable of being discovered, observed or established. The term "loss" necessarily encompasses a broader meaning than the term damage, and has been held synonymous with deprivation, detriment and injury. To establish an ascertainable loss, a plaintiff is not required to prove actual damages of a specific dollar amount. [A] loss is ascertainable if it is measurable even though the precise amount of the loss is not known.

Artie's Auto Body, Inc. v. Hartford Fire Ins. Co., 287 Conn. 208, 218 (2008) (internal quotation marks omitted).

The amended complaint alleges in paragraph 19 of the Fifth Count (which incorporates paragraph 19 of the Third Count):

> As a proximate result of PLAINTIFF MAR JENNINGS'S debit card getting declined, PLAINTIFF MAR JENNINGS has suffered injuries and losses including:
>
> a. Inability to access his own funds;
> b. Injury to his character/reputation;
> c. Loss of business/economic opportunities;

      d. Embarrassment/Humiliation;
      e. Frustration;
      f. Inconvenience; and
      g. Emotional distress.

With respect to paragraph 19(c), "in the business context, a plaintiff asserting a CUTPA claim may satisfy the ascertainable loss requirement of § 42- 110g by establishing, through a reasonable inference, or otherwise, that the defendant's unfair trade practice has caused the plaintiff to lose potential customers." Serv. Rd. Corp. v. Quinn, 241 Conn. 630, 643-44 (1997). "A loss of prospective customers constitutes a 'deprivation, detriment [or] injury' that is 'capable of being discovered, observed or established.'" Id. at 644 (quoting Hinchliffe v. American Motors Corp., 184 Conn. 607, 613 (1981). Thus, the plaintiff has satisfied the requirement that he plausibly allege an ascertainable loss.[3]

Therefore, the motion to dismiss is being denied as to the Fifth Count.

**IV. CONCLUSION**

For the reasons set forth above, the defendant's Motion to

---

[3] Because the plaintiff has satisfied the threshold requirement of pleading an ascertainable loss based on a loss of business opportunities, the court does not address the other losses alleged in paragraph 19 of the Fifth Count. However, the court notes that in Di Teresi v. Stamford Health Sys., Inc., 149 Conn. App. 502, 512 (2014), the court held that "emotional distress does not constitute an ascertainable loss of money or property for purposes of CUTPA."

Dismiss (ECF No. 23) is hereby GRANTED in part and DENIED in part. The motion is being granted with respect to the Third Count to the extent it is based on paragraphs 14(a), (c), (d), and (e), and with respect to the Fourth Count. The motion is being denied with respect to the Third Count to the extent it is based on paragraph 14(b), and with respect to the Fifth Count.

    It is so ordered.

    Signed this 16th day of January 2026, at Hartford, Connecticut.

                                  /s/AWT
                         Alvin W. Thompson
                  United States District Judge